**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ANNA HOLDINGS, INC., *et al.*, | ) | Case No. 19-12551 (___) |
| Debtor. | ) | |
| Tax I.D. No. 47-1512342 | ) | |
| In re: | ) | Chapter 11 |
| AC HOLDINGS, INC., | ) | Case No. 19-12552 (___) |
| Debtor. | ) | |
| Tax I.D. No. 02-05661917 | ) | |
| In re: | ) | Chapter 11 |
| ACOSTA FRONTLINE, LLC, | ) | Case No. 19-12553 (___) |
| Debtor. | ) | |
| Tax I.D. No. 27-2778646 | ) | |
| In re: | ) | Chapter 11 |
| ACOSTA MILITARY INTERNATIONAL, INC., | ) | Case No. 19-12554 (___) |
| Debtor. | ) | |
| Tax I.D. No. 26-2472989 | ) | |
| In re: | ) | Chapter 11 |
| ACOSTA MILITARY SALES, LLC, | ) | Case No. 19-12555 (___) |
| Debtor. | ) | |
| Tax I.D. No. 26-2209681 | ) | |

PHIL1 8521171v.2

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ACOSTA SERVICES, INC., | ) | Case No. 19-12556 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 59-3752127 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ACOSTA SUBSIDIARY HOLDINGS, INC., | ) | Case No. 19-12557 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-4917530 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ACOSTA UK HOLDINGS, LLC | ) | Case No. 19-12558 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-5132522 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ACOSTA, INC., | ) | Case No. 19-12559 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 59-3522052 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ACTIONLINK SERVICES, LLC, | ) | Case No. 19-12560 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 82-2002500 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ADW ACOSTA, LLC | ) | Case No. 19-12561 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-3715256 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ADW UK, LLC, | ) | Case No. 19-12562 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-4039586 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AMG MARKETING SERVICES, LLC, | ) | Case No. 19-12563 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-4590179 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ANNA ACQUISITION COMPANY, INC., | ) | Case No. 19-12564 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-1525207 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MOSAIC CANADA HOLDINGS INC., | ) | Case No. 19-12565 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-8882886 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| MOSAIC EMPLOYEE HOLDCO, LLC, | ) | Case No. 19-12566 (___) |
| Debtor. | ) | |
| Tax I.D. No. 47-1121409 | ) | |
| In re: | ) | Chapter 11 |
| MOSAIC PARENT HOLDINGS INC., | ) | Case No. 19-12567 (___) |
| Debtor. | ) | |
| Tax I.D. No. 68-0651508 | ) | |
| In re: | ) | Chapter 11 |
| MOSAIC SALES SOLUTIONS US OPERATING CO., LLC, | ) | Case No. 19-12568 (___) |
| Debtor. | ) | |
| Tax I.D. No. 56-2360186 | ) | |
| In re: | ) | Chapter 11 |
| THE VINE DIRECT AGENCY, LLC, | ) | Case No. 19-12569 (___) |
| Debtor. | ) | |
| Tax I.D. No. 36-4859459 | ) | |
| In re: | ) | Chapter 11 |
| VINE PARENT HOLDINGS, LLC, | ) | Case No. 19-12570 (___) |
| Debtor. | ) | |
| Tax I.D. No. 81-4991974 | ) | |

PHIL1 8521171v.2

# DEBTORS' MOTION FOR ENTRY OF AN
# ORDER (A) DIRECTING JOINT ADMINISTRATION OF
# CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:[1]

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) directing joint administration of these chapter 11 cases for procedural purposes only and (b) granting related relief. The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Anna Holdings, Inc. (the ultimate parent company for each of the Debtors) and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ANNA HOLDINGS, INC.,[1] | ) Case No. 19-12551 (___) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/Acosta. The location of the Debtors' service address is: 6600 Corporate Center Parkway, Jacksonville, Florida 32216.

---

[1] The facts and circumstances supporting this motion are set forth in the *Declaration of Matthew Laurie, Interim Chief Financial Officer of the Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this motion and incorporated by reference herein. Capitalized terms used but not immediately defined have the meanings given to them elsewhere in this motion or in the First Day Declaration, as applicable.

2. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Anna Holdings, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Anna Holdings, Inc., Case No. 19-12551 (___); AC Holdings, Inc., Case No. 19-12552 (___); Acosta Frontline, LLC, Case No. 19-12553 (___); Acosta Military International, Inc., Case No. 19-12554 (___); Acosta Military Sales, LLC, Case No. 19-12555 (___); Acosta Services, Inc., Case No. 19-12556 (___); Acosta Subsidiary Holdings, Inc., Case No. 19-12557 (___); Acosta UK Holdings, LLC, Case No. 19-12558 (___); Acosta, Inc., Case No. 19-12559 (___); ActionLink Services, LLC, Case No. 19-12560 (___); ADW Acosta, LLC, Case No. 19-12561 (___); ADW UK, LLC, Case No. 19-12562 (___); AMG Marketing Services, LLC, Case No. 19-12563 (___); Anna Acquisition Company, Inc., Case No. 19-12564 (___); Mosaic Canada Holdings Inc., Case No. 19-12565 (___); Mosaic Employee Holdco, LLC, Case No. 19-12566 (__); Mosaic Parent Holdings Inc., Case No. 19-12567 (___); Mosaic Sales Solutions US Operating Co., LLC, Case No. 19-12568 (___); The Vine Direct Agency, LLC, Case No. 19-12569 (___); and Vine Parent Holdings, LLC, 19-12570 (___). The docket in Case No. 19-12551 (__) should be consulted for all matters affecting this case.

## Jurisdiction and Venue

4. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the

6

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and Local Rules 1015-1 and 9013-1(m).

## Background

7. The Debtors (together with their non-Debtor affiliates, the "Company") comprise a multinational enterprise that provides a range of sales, marketing, and retail services to global consumer product good manufacturers, technology companies, and retailers. The Company is headquartered in Jacksonville, Florida, but its operations are extensive and span across the United States, Canada, and Europe.

8. On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## Basis for Relief

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The 21 Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the

7

Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

10. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

11. Courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g.*, *In re Destination Maternity Corporation, et al.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (directing joint administration of chapter 11 cases); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 1, 2019) (same); *In re Blackhawk Mining, LLC*, No. 19-11595 (LSS) (Bankr. D. Del. Aug. 3, 2019) (same); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. July 23, 2019); *In re Z Gallerie, LLC*, No. 19-10488 (LSS) (Bankr. D. Del. Apr. 9, 2019) (same); *In re Things Remembered, Inc.*, No. 19-10234 (KG) (Bankr. D. Del. Feb. 26, 2019) (same).[2]

12. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

8

substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

13. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Notice

14. The Debtors will provide notice of this motion to the following parties or their respective counsel: (a) the United States Trustee for the District of Delaware; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Ad Hoc Group; (d) counsel to the Consenting Creditors; (e) counsel to the Minority First Lien Group; (f) counsel to the A/R Facility Lenders; (g) counsel to the First Lien Agent; (h) counsel to the Indenture Trustee; (i) counsel to the Sponsor; (j) the United States Attorney's Office for the District of Delaware; (k) the Internal Revenue Service; (l) the attorneys general for the states in which the Debtors operate; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.[3] As this motion is seeking "first day" relief, within two business days of

---

[3] Capitalized terms used in this paragraph but not defined in this motion have the meanings given to them in the Plan.

the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

15. No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated:  December 1, 2019<br>Wilmington, Delaware | /s/ *Michael W. Yurkewicz* |
| | Domenic E. Pacitti (DE Bar No. 3989) |
| | Michael W. Yurkewicz (DE Bar No. 4165) |
| | Sally E. Veghte (DE Bar No. 4762) |
| | **KLEHR HARRISON HARVEY BRANZBURG LLP** |
| | 919 N. Market Street, Suite 1000 |
| | Wilmington, Delaware 19801 |
| | Telephone:     (302) 426-1189 |
| | |
| | - and - |
| | |
| | Edward O. Sassower, P.C. |
| | Joshua A. Sussberg, P.C. (*pro hac vice* pending) |
| | Christopher T. Greco, P.C.  (*pro hac vice* pending) |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 601 Lexington Ave |
| | New York, New York 10022 |
| | Telephone:     (212) 446-4800 |
| | Facsimile:      (212) 446-4900 |
| | |
| | - and - |
| | |
| | Spencer Winters (*pro hac vice* pending) |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 300 North LaSalle |
| | Chicago, Illinois 60654 |
| | Telephone:     (312) 862-2000 |
| | Facsimile:      (312) 862-2200 |
| | |
| | *Proposed Co-Counsel to the Debtors and Debtors in Possession* |